UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Case No. 20-CR-225

CARLOS RAMIREZ-MORALES,

    Defendant.

---

**ORDER DENYING MOTION FOR SENTENCE REDUCTION**

---

On November 24, 2021, Carlos Ramirez-Morales entered a plea of guilty to the crime of Conspiracy to Distribute and Possess with Intent to Distribute 5 kg of a Mixture and Substance Containing Cocaine and 100 Grams or more of a Mixture and Substance Containing Heroin. The offense carried a mandatory minimum term of at least ten years in prison and a maximum of life. The recommendation of the Presentence Report, which the court adopted without opposition, placed the total offense level at 29 and the Criminal History Category at V, resulting in a Guideline sentence of 140 months to 175 months. On March 1, 2022, the court imposed the mandatory minimum sentence of 120 months, which was reduced by 14 months to give the defendant credit for time he had spent in state custody, for a total of 106 months. In other words, the defendant was sentenced to the lowest lawful sentence possible. On April 2, 2025, Ramirez-Morales filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Ramirez-Morales argues that he is entitled to a reduction of his sentence based on Amendment 821 to the United States Sentencing Guidelines. For the reasons that follow, the motion must be denied.

Based on his criminal history and prior convictions, Ramirez-Morales received nine criminal history points. Because he was under supervision at the time of the offense, he was given two additional criminal history points. Under Amendment 821, § 4A1.1(e), it appears that Ramirez-Morales should have received only one, instead of two, criminal history points. In other words, instead of eleven criminal history points, he would have had only ten. With ten criminal history points, Ramirez-Morales would have remained in Criminal History Category V, and thus his Guideline range would not have changed. Absent any amendment that would change his Guideline range, he is not entitled to relief.

More importantly, the court imposed the minimum lawful sentence in sentencing Ramirez-Morales to 106 months. This was 14 months less than the mandatory minimum 120 months, which he received based on the court's decision to give him credit for time spent in custody on the state charges for which he otherwise would not have received credit. Given the mandatory minimum sentence provision, even if the Guideline range had changed, Ramirez-Morales would not be entitled to relief. Finally, even if the court were to conclude that Ramirez-Morales was eligible for relief, the magnitude of the offense, including the length of the conspiracy, the amount of the substances involved, the serious nature of those substances, and the prior history of the defendant establish that a reduced sentence would fail to meet the requirements of § 3553(a). To impose a sentence of less than 106 months would depreciate the seriousness of the offense, weaken any deterrence effect, and subject the public to further crimes of the defendant. Under the circumstances, the motion must be and hereby is denied.

**SO ORDERED** at Green Bay, Wisconsin this 30th day of April, 2025.

William C. Griesbach
United States District Judge